**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ANITA YOUNG,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | **No. 5:19-CV-00619-DAE** |
| | § | |
| **KATIE MCSHEFFREY GUNTHER,** | § | |
| | § | |
| **Defendant** | § | |

## PLAINTIFF'S AMENDED PETITION

TO THE HONORABLE COURT:

COMES NOW the Plaintiff, Anita Young, and files an Amended Petition:

### I. PARTIES

1.      Plaintiff is a resident of Salisbury, Rowan County, North Carolina but at the time of this action Defendant and Plaintiff were residents of San Antonio, Bexar County, Texas.

2.      Defendant is a resident of Austin, Texas.

3.      Venue is proper in federal court because at all times material herein, the parties live in different states and both are employed by the U.S. Air Force. The plaintiff is a U.S. Air Force commissioned officer and the Defendant is a civilian employee of the U.S. Air Force and was the

1

plaintiff's direct supervisor. Diversity pursuant to federal law exists because the parties live in different states and this cause of action occurred in this District.

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332, Diversity of Citizenship.

## II. BASIS OF SUIT

5.      That in August and September 2017 the Defendant did disclose Plaintiff's medical health diagnosis, personal health information and in-patient treatment location to Dr. Elizabeth A. Heron without Plaintiff's consent in violation of 5 U.S.C. § 552. See Exhibit A.

## III. CAUSES OF ACTION

Invasion of Privacy - Public Disclosure of Private Facts and Intrusion on Seclusion.

7.      Libel as Slander. Defendant's actions were meant to libel and slander Plaintiff by disclosing her medical records sometime between August 14 - September 20, 2017.

8.      Defendant's actions constitute abuse of process, deceit, and interference with Plaintiff's contract with the United States military. Defendant did her best to have Plaintiff discharged from the military. Defendant abused the civil process and the responsibility she had with the United States military. Defendant also interfered with Plaintiff's contract and right to work with the United States military. Finally, Defendant's actions constitute deceit because Defendant was attempting to deceive the military.

9.      Defendant's actions violate 5 U.S.C. § 552, Defendant failed to exercise due care in disclosing Plaintiff's medical records, Defendant was negligent, reckless, outrageous, and Defendant failed to use discretion.

10.     Defendant's actions constitute intentional infliction of emotional distress.

11.     Defendant's actions were outside the scope of her employment per Exhibit A.

2

12.    Defendant disclosed and publicized information about Plaintiff's private life that is her personal health information and in-patient treatment location to Dr. Elizabeth A. Heron without Plaintiff's consent in violation of 5 U.S.C. § 552.

13.    Defendant intentionally intruded on Plaintiff's solitude, seclusion, and/or private affairs by disclosing her medical records and treatment plans to a third-party. The intrusion would be highly offensive to a reasonable person, and as a result of the intrusion, Plaintiff has suffered damages. Plaintiff's medical treatment nor the location of her in-patient hospitalization facility is not a legitimate public concern. Plaintiff has suffered extreme and debilitating injury as a result of Defendant's disclosures.

Intentional Infliction of Emotional Distress

14.    Defendant acted intentionally and recklessly in her disclosure of medical mental health treatment and the location of where the plaintiff was receiving healthcare. Defendant's conduct proximately caused Plaintiff extreme emotional, prolonged distress, and to the extent other causes of action may be deemed, no other causes of action exist which provide a remedy for the severe emotional distress caused by the Defendant's conduct.

IV. DAMAGES

15.    Plaintiff sues Defendant for all actual damages, loss of income, reliance damages, back pay, unpaid vacation pay, past and future mental anguish, loss of earning capacity, and exemplary damages in an amount in excess of $100,000.00.

16.    Plaintiff seeks punitive damages to punish and deter Defendant for her intentional conduct toward Plaintiff in excess of $100,000.00.

3

WHEREFORE, Plaintiff, Anita Young, prays Defendant Katie McSheffrey Gunther, be cited

to answer herein, for judgment as requested herein, for all pre-and post-judgment interest at the

highest rate allowed by law, for all costs of court, for all reasonable and necessary attorney's fees,

and for all other relief, at law or equity, to which Plaintiff may show herself to be entitled.

Respectfully submitted,

/s/John Ogles

John Ogles
Arkansas Bar No. 89003
Texas Bar No. 00797922
OGLES LAW FIRM, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR 72078
(501) 982-8339
jogles@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on August ____, 2019, I electronically filed the foregoing with the Clerk
of the Court using the CM/ECF system, which will send notification of filing to the following:

Matthew Mueller
Assistant U.S. Attorney
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216
Fax: 216-384-7312

/s/John Ogles

John Ogles

4



**DEPARTMENT OF THE AIR FORCE**
**AIR EDUCATION AND TRAINING COMMAND**

19 June 2018

Major General Mark E. Weatherington, USAF
Deputy Commander
Headquarters Air Education and Training Command
1 F Street, Suite 1
JBSA-Randolph TX 78150-4324


Major Anita M. Young, USAFR

San Antonio TX 78232

Dear Major Young

This is to notify you of the disposition of your allegations concerning leadership misconduct within the Profession of Arms Center of Excellence (PACE). To fully address your concerns, my predecessor, Major General Mark A. Brown, ordered a commander directed investigation (CDI) into the following allegations:

**Allegation 1** – In that, Dr. Katie Gunther, Profession of Arms Center of Excellence, Headquarters Air Education and Training Command, Joint Base San Antonio-Randolph, Texas, between on or about 14 August 2017 and on or about 20 September 2017, did, at or near Headquarters Air Education and Training Command, Joint Base San Antonio-Randolph, Texas, disclose Major Anita M. Young's personal health information and inpatient treatment location to Dr. Elizabeth A. Heron, without her consent, in violation of 5 USC § 552a(b). **SUBSTANTIATED.**

The finding was found to be legally sufficient before I personally reviewed and approved it. Appropriate action has been taken against Dr. Gunther for the wrongful disclosure. I consider this matter closed.

**Allegation 2** – In that, Colonel Denise L. Cooper, Profession of Arms Center of Excellence, Headquarters Air Education and Training Command, Joint Base San Antonio-Randolph, Texas, between on or about 30 June 2017 and on or about 30 July 2017, did, at or near Headquarters Air Education and Training Command, Joint Base San Antonio-Randolph, Texas, racially discriminate against Major Anita M. Young, an African-American female, by instructing her to reach out to a new superior ranking officer because of their common racial background, in violation of AFI 36-2706, *Equal Opportunity Program Military and Civilian*, paragraph 1.1. **NOT SUBSTANTIATED.**

EXHIBIT   A

The finding was found to be legally sufficient before I personally reviewed and approved it. I consider this matter closed.

**Allegation 3** – In that, Colonel Denise L. Cooper, Profession of Arms Center of Excellence, Headquarters Air Education and Training Command, Joint Base San Antonio-Randolph, Texas, between on or about 2 August 2017 and on or about 1 September 2017, mislead Case Management Group members about Major Anita M. Young's desire for a continued no contact order against the alleged subject of her case in violation of AFI 90-6001, *Sexual Assault Prevention and Response (SAPR) Program*, paragraph 8.3. **NOT SUBSTANTIATED.**

The finding was found to be legally sufficient before I personally reviewed and approved it. I consider this matter to be closed.

If you are not satisfied with the final determination concerning your allegations, you may request further review by me, in writing, by no later than **18 August 2018**. Your request must provide additional or new information that was not otherwise available during the CDI; simply disagreeing with this determination will not be sufficient for further review.

Sincerely

MARK E. WEATHERINGTON
Major General, USAF
Deputy Commander