IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANITA M. YOUNG, | § | NO. 5:19-CV-619-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER GRANTING UNITED STATES' MOTION TO SUBSTITUTE UNITED STATES OF AMERICA AS DEFENDANT AND AMEND CASE CAPTION; AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO AMEND

The matters before the Court are the United States of America's ("United States") Motion to Substitute the United States as Defendant and Amend the Case Caption (Dkt. # 5), and Plaintiff Anita M. Young's ("Plaintiff" or "Young") Motion to Amend Complaint[1] (Dkt. # 8). Pursuant to Local Rule CV-7(h), the Court finds these matters suitable for disposition without a hearing. After careful consideration, the Court **GRANTS** Defendant's motion to substitute party and amend case caption, and **DENIES WITHOUT PREJUDICE** Plaintiff's motion to amend.

---

[1] Plaintiff's motion seeks leave to amend her petition, which the Court construes in federal court to mean complaint.

On June 5, 2019, Plaintiff filed suit against Katie McSheffrey Gunther, a United States Air Force employee, alleging that Ms. Gunther disclosed Plaintiff's medical health diagnosis, personal information, and an inpatient-treatment location to another individual.  (Dkt. # 1.)  Plaintiff alleges that this disclosure was (1) an invasion of privacy—public disclosure of private facts and intrusion on seclusion; and (2) an intentional infliction of emotional distress ("IIED").  (Id.)

On July 26, 2019, the United States filed a motion to substitute the United States as the proper Defendant instead of Ms. Gunther who was acting within the course and scope of her federal employment with the United States Air Force.  (Dkt. # 5.)  On August 5, 2019, Plaintiff filed a response in opposition (Dkt. # 7); the United States filed a reply on August 12, 2019 (Dkt. # 9).

On August 7, 2019, Plaintiff filed a motion to amend her complaint. (Dkt. # 8.)  On August 14, 2019, the United States filed a response in opposition (Dkt. # 10); Plaintiff filed a reply on August 19, 2019 (Dkt. # 11.)  The pending matters are discussed below.

I.   Motion to Substitute Party

The United States moves to substitute itself as the proper Defendant in this case in place of Ms. Gunther in light of the fact that Plaintiff has alleged claims against Ms. Gunther while she was acting in the scope of her federal employment.  (Dkt. # 5.)  Despite Plaintiff's arguments to the contrary, the Court agrees with the United States.

As a general rule, "the United States enjoys sovereign immunity from suit unless it has specifically waived immunity."  Jeanmarie v. United States, 242 F.3d 600, 602 (5th Cir. 2001); Truman v. United States, 26 F.3d 592, 594 (5th Cir. 1994).  However, because Plaintiff's claims against Ms. Gunther sound in tort, they are governed by the Federal Tort Claims Act ("FTCA").  See 28 U.S.C. §§ 2671-2680.  The FTCA provides a remedy for claimants "for injury or loss of property, or personal injury or death arising from the negligent act or omission of any employee of the Government while acting within the scope of his office or employment . . . ."  Jeanmarie, 242 F.3d at 601; 28 U.S.C. §§ 1346(b), 2674, 2679(b)(1).[2]  As such, the FTCA acts as a limited waiver of the United States' sovereign immunity.  Jeanmarie, 242 F.3d at 601; Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 n.2 (5th Cir. 1988).

---

[2] The FTCA makes clear that a suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government agencies or employees.  See § 2679(a).

Federal district courts have exclusive jurisdiction over civil FTCA claims against the United States. 28 U.S.C. § 1346(b)(1). However, the scope of a district court's jurisdiction over an FTCA claim is defined by the *United States'* consent to be sued under the FTCA. Galvin, 860 F.2d at 183 n.2 (emphasis added); see also United States v. Mitchell, 445 U.S. 535, 538 (1990) ("[T]he terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit."). Notably, 28 U.S.C. § 1346(b)(1) only grants district courts jurisdiction for tort claims "against the United States," and courts have repeatedly held that the United States is the only proper defendant in an FTCA suit. See, e.g., Galvin, 860 F.2d at 183; Smith v. United States, 561 F.3d 1090, 1099 (10th Cir. 2009); Jackson v. Kotter, 541 F.3d 688, 693 (7th Cir. 2008). As a result, "an FTCA claim against a federal agency or employee as opposed to the United States must be dismissed for want of jurisdiction." Galvin, 860 F.2d at 183; see also Gregory v. Mitchell, 634 F.2d 199, 204–05 (5th Cir. 1981).

Here, the Court does not have jurisdiction to hear Plaintiff's FTCA claim against Ms. Gunther, an employee of the United States Air Force, and she must be dismissed as a party from the action. Accordingly, the Court will **GRANT** the United States' motion to substitute itself as the proper party and the case caption should so be reflected.

II.     Motion to Amend

Plaintiff seeks leave to amend her complaint to add additional allegations and causes of action. (Dkt. # 8.) Notably, however, Plaintiff's proposed amended complaint alleges only Ms. Gunther as a defendant. (See id. at 3.) The Court, however, as already determined that Ms. Gunther is not a proper party to this FTCA action, only the United States. Accordingly, the Court will **DENY WITHOUT PREJUDICE** Plaintiff's motion to amend.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the United States' Motion to Substitute the United States as Defendant and Amend the Case Caption (Dkt. # 5), and the case caption should so be reflected. The Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Amend Complaint (Dkt. # 8).

**IT IS SO ORDERED**.

**DATED**: San Antonio, Texas, September 6, 2019.

_____
David Alan Ezra
Senior United States Distict Judge