IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANITA YOUNG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 5:19-CV-000619-DAE |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## MOTION TO DISMISS

Defendant United States of America files this Motion to Dismiss pursuant to 28 U.S.C. § 2675(a). Plaintiff Anita Young ("Plaintiff" or "Young") did not file an administrative claim with the United States Air Force prior to bringing this suit. The Court should dismiss this suit without prejudice, so Plaintiff can exhaust her administrative remedies under the Federal Tort Claims Act ("FTCA").

### I. Background

Plaintiff alleges that Dr. Katie McSheffrey Gunther, an Air Force employee, disclosed Plaintiff's medical health diagnosis, personal health information, and in-patient treatment location to Dr. Elizabeth A. Heron without Plaintiff's consent. Plaintiff originally filed suit against Dr. Gunther, but the United States has substituted as a party pursuant to the Westfall Act (28 U.S.C. § 2679). *See* Dkt. 14. The United States filed a Certification that Dr. Gunther was within the course and scope of her employment for all purposes relevant to the Complaint.

1

## II. Legal Standard

Federal courts are courts of limited jurisdiction and lack the power to adjudicate claims absent jurisdiction the Constitution or a statute confers. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). "[T]here is a presumption against subject matter jurisdiction." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). The plaintiff bears the burden of demonstrating jurisdiction in Federal court. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 534, 537 (5th Cir. 2017) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

If a court determines it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). Parties cannot waive the lack of jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(1). "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "[W]hether the United States has waived sovereign immunity pursuant to the FTCA goes to the court's subject-matter jurisdiction and may therefore be resolved on a Rule 12(b)(1) motion to dismiss." *Willoughby v. United States*, 730 F.3d 476, 479 (5th Cir. 2013) (citations omitted).

## III. As a Prerequisite to Waiver of Sovereign Immunity, the FTCA Requires Submission of a Claim to the United States Air Force Prior to Suit

The Federal government cannot be sued unless Congress has expressly waived sovereign immunity for the cause of action on which the suit is premised. *Freeman v. United States*, 556 F.3d 326, 334–35 (5th Cir. 2009) (citing *Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*,

461 U.S. 273, 287 (1983)); *Jeanmarie v. United States*, 242 F.3d 600, 602. "Plaintiffs bear the burden of showing Congress's unequivocal waiver of sovereign immunity." *Freeman*, 556 F.3d at 334 (internal marks omitted) (quoting *St. Tammy Parish v. Fed. Emergency Mgmt. Agency*, No. 08-30070, 2009 U.S. App. LEXIS 1887, at *17–18 (5th Cir. Jan. 22, 2009)). "The Court lacks subject matter jurisdiction to consider any claim against a federal agency or employee unless sovereign immunity has been waived." *Bazemore v. Dep't of Homeland Sec.*, No. EP-05-CA-0233-FM, 2005 WL 3022015, 2005 U.S. Dist. LEXIS 15141, at *5 (W.D. Tex. July 26, 2005) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)).

Because Plaintiff's claims sound in tort, the FTCA governs them. *See* 28 U.S.C. §§ 2671–2680. The FTCA is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies, and officers acting within their official capacity. 28 U.S.C. § 2679; *see also Smith v. United States*, 507 U.S. 197 (1993) (citing 28 U.S.C. § 1346(b)); *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 252 (5th Cir. 2006).

The FTCA places conditions and limitations on that waiver of sovereign immunity. As a prerequisite to waiving sovereign immunity, the FTCA requires submission of a claim to the appropriate Federal agency:

> An action **shall not** be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless** the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added).  In this case, Plaintiff alleges a United States Air Force employee committed wrongful acts against her.  Dkt. 1 at 2–3.  Thus, Plaintiff is required to submit a claim to the Air Force prior to bringing this litigation.

Plaintiff has not alleged that she submitted a claim to the Air Force prior to suit, and she cannot.  *See* Declaration of Col. Stacey J. Vetter (attached hereto as Exhibit 1).  Col. Vetter caused a search to be conducted of the Air Force claims database for claims from or on behalf of Plaintiff.  *Id.* at 1–2.  That search did not locate any claims submitted to the Air Force.  *Id.* at 2.  Therefore, Plaintiff has failed to meet the prerequisite for waiver of sovereign immunity under the FTCA.  The Court should dismiss Plaintiff's claims without prejudice to allow her and the Air Force to go through the claims process prior to litigation, as the FTCA requires.

### IV.  Conclusion

For the foregoing reasons, the Court should dismiss Plaintiff's claims without prejudice.

Respectfully submitted,

**JOHN F. BASH**
**UNITED STATES ATTORNEY**

By:  /s/ *Matthew Mueller*
**MATTHEW MUELLER**
Assistant United States Attorney
Texas Bar No. 24095592
601 N.W. Loop 410, Ste. 600
San Antonio, Texas 78216
Tel. (210) 384-7362
Fax. (210) 384-7312
matthew.mueller@usdoj.gov

ATTORNEY FOR DEFENDANT UNITED STATES OF AMERICA

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of filing to the following:

John Ogles
Ogles Law Firm, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR  72078
(501) 982-8339
jogles@aol.com

> */s/ Matthew Mueller*
> **MATTHEW MUELLER**
> Assistant United States Attorney