United States District Court
Western District of Texas
San Antonio Division

| | |
|---|---|
| Anita Young,<br>    Plaintiff,<br><br>v.<br><br>United States of America,<br>    Defendant. | No. 5-19-CV-00619-JKP |

**Reply in Support of Motion to Dismiss**

Defendant United States of America files this Reply in support of its Motion to Dismiss pursuant to 28 U.S.C. § 2675(a). Plaintiff Anita Young argues that she submitted a claim under the Federal Tort Claims Act ("FTCA") to the Air Force, based on documents attached to Plaintiff's Opposition. Plaintiff's argument is without merit and none of the documents demonstrates an actual claim submitted to the Air Force for money damages.

I. Argument

   A. **Plaintiff Fails to Carry Her Burden of Demonstrating Compliance with the FTCA's Jurisdictional Prerequisite Requiring Submission of a Monetary Claim with a Sum Certain**

Plaintiff does not dispute that the FTCA requires Plaintiff to submit a claim to the Air Force prior to suit. 28 U.S.C. § 2675(a). "Its purpose is to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." *Life Partners Inc. v. United States*, 650 F.3d 1026, 1030 (5th Cir. 2011) (citations omitted). The presentment of a claim is a prerequisite to waiver of sovereign immunity, so "it must be strictly construed in favor of the United States." *Barber v. United States*, 642 Fed. App'x 411, 413 (5th Cir. 2016) (per curiam) (quoting *Atorie Air, Inc. v. FAA*, 942 F.2d 954, 958 (5th Cir. 1991)). Plaintiff bears the burden

1

of establishing a waiver of sovereign immunity. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009).

Plaintiff has not presented any evidence of an actual FTCA claim submitted to the Air Force. Instead, Plaintiff offers materials related to complaints made against a number of different individuals for multiple actions as evidence of a claim under the FTCA. *See* Dkt. 19 at 1–2. None of these documents shows evidence of a claim sufficient to comply with FTCA requirements. *See* Dkt. 19 at 4–8. Most of the documents do not appear related to the specific allegation in the Complaint, which is the alleged disclosure in mid-August 2017 of the fact that Plaintiff was receiving in-patient medical care. Dkt. 1 at ¶¶ 6–8.

Most apparent is the lack of any evidence that Plaintiff submitted "a monetary claim in a sum certain," which is necessary to comply with the FTCA. *Montoya v. United States*, 841 F.2d 102, 104 (5th Cir. 1988); *see also Martinez v. United States*, 728 F.2d 694, 697 (5th Cir. 1984) ("[P]resentation of a claim including 'a sum certain' is a jurisdictional requirement …"). A sum certain monetary claim is required, because Plaintiff cannot seek damages in excess of the claim submitted to the Air Force. 28 U.S.C. § 2675(b). Without requiring a specific dollar amount in the claim, the limitation on damages would be meaningless (or the case would be meaningless with no damages possible).

Exhibit A referred to in Plaintiff's Opposition[1] is a response to "allegations of leadership misconduct" Plaintiff made against Dr. Gunther and Col. Cooper. Dkt. 19 at 4–5. Of the three allegations, only "Allegation 1" appears related to this lawsuit. Notably, this does not provide any evidence that Plaintiff submitted a monetary claim for a sum certain. Instead, it appears to

---

[1] Exhibit A in Plaintiff's Opposition appears identical to Exhibit A in Plaintiff's Complaint.

be an internal employment complaint against Dr. Gunther personally, without reference to the FTCA, and not seeking any monetary damages against the United States.

Exhibit B appears to be unrelated to the specific allegations in the Complaint against the United States. Dkt. 19 at 6. First, Exhibit B pre-dates the alleged conduct forming the basis of the claims. Exhibit B is dated August 4, 2017. The Complaint alleges that Dr. Gunther revealed the fact that Plaintiff was receiving in-patient treatment between August 14 and September 20, 2017. *See, e.g.,* Dkt. 19 at 4 (setting forth dates of alleged disclosure); Dkt. 1 at ¶ 5 (stating allegation of disclosure and referring to dates listed in Exhibit A). Instead, this exhibit appears related to the underlying cause of Plaintiff's need for in-patient treatment. Second, once again, Exhibit B does not provide any evidence that Plaintiff submitted a monetary claim for the alleged unauthorized disclosure, let alone a claim for a sum certain. Instead, it refers to medical and mental health treatment and the non-monetary support Plaintiff would receive as part of treatment.

Exhibit C again appears to be unrelated to the specific allegations in the Complaint against the United States. Dkt. 19 at 7–8. Exhibit C refers to an "IG complaint … regarding headquarters policy on timely access to mental health services." Dkt. 19 at 7. Once more, this appears unrelated to the allegations of unauthorized disclosure of in-patient treatment. Instead, it appears related to the healthcare treatment Plaintiff received and, specifically, the timing of that treatment. Moreover, Exhibit C does not provide any evidence that Plaintiff submitted a monetary claim for the alleged unauthorized disclosure, let alone a claim for a sum certain.

Importantly, Plaintiff does not establish any evidence the she submitted a claim for money damages, let alone damages in a sum certain, to the United States based on her allegations of unauthorized disclosure. A claim for sum certain money damages is important, because

Plaintiff is limited to the amount stated in her claim to the Air Force as the maximum damages in this litigation. 28 U.S.C. § 2675(b). That is why the Fifth Circuit requires evidence of the sum certain claim as a jurisdictional prerequisite for bringing FTCA litigation. *See Montoya*, 841 at 104; *Martinez*, 728 F.2d at 697. In contrast, the United States submitted the Declaration of Col. Vetter to establish that the Air Force had not received a claim. Dkt. 15-1. Thus, the Court should dismiss this case.

### B. The Court Does Not Have Jurisdiction to Hold this Case in Abeyance

Plaintiff's final argument is that even if she is forced to comply with the FTCA's requirement that she submit a proper claim to the Air Force prior to suit, the Court should hold this case in abeyance until that process is completed. Plaintiff misconstrues the FTCA's requirement. Pre-suit submission of a claim is a jurisdictional requirement for waiver of sovereign immunity. *Martinez*, 728 F.2d at 697; *see also McNeil v. United States*, 508 U.S. 106, 107–109, 113 (1993) (holding that suit commenced prior to agency denial of claim must be dismissed, even if agency denial of claim occurred before any substantial action in the case). The Court lacks jurisdiction to hold this case in abeyance for Plaintiff to submit a claim.[2]

## II.   Conclusion

For the foregoing reasons, the Court should dismiss Plaintiff's claims without prejudice.

---

[2] Plaintiff cites monetary considerations as the reason for the Court to hold the case. If Plaintiff cannot afford a filing fee at some point in the future, the correct avenue would be a Motion to Proceed in Forma Pauperis, the form for which is available on the District Court's website.

                Respectfully submitted,

                John F. Bash
                United States Attorney

By:    /s/ *Matthew Mueller*
        Matthew Mueller
        Assistant United States Attorney
        Texas Bar No. 24095592
        601 N.W. Loop 410, Ste. 600
        San Antonio, Texas 78216
        Tel. (210) 384-7362
        Fax. (210) 384-7312
        matthew.mueller@usdoj.gov

        Attorney for Defendant United States of America

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of filing to the following:

John Ogles
Ogles Law Firm, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR 72078
(501) 982-8339
jogles@aol.com

                                         */s/ Matthew Mueller*
                                         Matthew Mueller
                                         Assistant United States Attorney