**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

ANITA YOUNG,

      Plaintiff,

v.                                                                                          No. 5:19-CV-0619-JKP

UNITED STATES OF AMERICA,

      Defendant.

## <u>ORDER</u>

This matter came before the Court on April 8, 2020, for video conference hearing upon Defendant United States of America's *Motion to Dismiss* (ECF No. 15), to which Plaintiff responded and Defendant replied (ECF Nos. 19, 20). In support of the motion, Defendant (the "Government") contends that Plaintiff ("Young") did not file an administrative claim with the United States Air Force prior to bringing this suit as required by 28 U.S.C. § 2675(a). Defendant asks the Court to dismiss this suit without prejudice to allow Plaintiff to exhaust her administrative remedies under the Federal Tort Claims Act ("FTCA"). Having carefully considered the pending motion, the responses and replies thereto, the applicable law, and the arguments of the parties, the Court GRANTS the motion.

Young initiated this action on June 5, 2019, against an Air Force physician who disclosed Young's medical health diagnosis, personal health information, and in-patient treatment location without her consent in violation of 5 U.S.C. § 552. ECF No. 1 at 2, 5. Because the FTCA is the exclusive remedy for tort claims against the United States and precludes suit against individual government actors acting within the scope of their governmental employment, on September 6, 2019, the Honorable David A. Ezra granted the Government's motion to substitute party,

amending the complaint to name the United States as the proper defendant. *See* Order, ECF No. 14 (citing 28 U.S.C. §§ 1346(b)(1) & 2671-2680). On September 13, 2019, the Government filed a motion to dismiss. ECF No 15. On September 16, 2019, this case was reassigned to the undersigned. ECF No. 16. Following an extension of time, Young filed her response on October 10, 2019. ECF No. 19. The Government replied on October 17, 2019. ECF No. 20. The matter being ripe for ruling, this Court convened a hearing on April 8, 2020. In light of the COVID-19 pandemic, the hearing was conducted on the record via video conference. Attorney John Ogles appeared on behalf of Young. Attorney Matthew Mueller appeared on behalf of the Government.

In its briefing, the Government argues Young did not exhaust administrative remedies as required by the Act. ECF No. 15. Young responds she exhausted administrative remedies when the Air Force failed to make a final disposition on her claim. ECF No. 19. The Government replies that the documents Young points to as evidence of exhaustion are insufficient to comply with FTCA requirements, particularly because the documents do not specify damages in a sum certain. ECF No. 20 at 2. At the hearing, Young took the position that she has substantially complied with the requirements of the Act and urged the Court to apply *Williams v. United States* to the facts of this case. 693 F.2d 555 (5th Cir. 1982). The Government pointed the Court to the cases highlighted in its briefing, including *Barber v. United States*, 642 F. App'x 411, 415 (5th Cir. 2016); *Montoya v. United States*, 841 F.2d 102, 104 (5th Cir. 1988); and *Martinez v. United States*, 728 F.2d 694, 697 (5th Cir. 1984), each of which reiterates that a "sum certain" must be included in any FTCA claim.[1]

---

[1] "To give notice under 28 U.S.C. § 2675(a), [a plaintiff] must submit 'a monetary claim in a sum-certain.'" *Barber*, 642 F. App'x at 415. "Section 14.2(a) lists the elements constituting notice -- a written notification of the injury-causing incident, a monetary claim in a sum-certain for property damage and personal injury, and authorization by the claimant." *Montoya*, 841 F.2d at 104. "[P]resentation of a claim including 'a sum certain' is a jurisdictional requirement." *Martinez*, 728 F.2d at 697.

"The FTCA waives the United States' sovereign immunity from tort suits, 28 U.S.C. § 2674, and is the exclusive remedy for compensation for a federal employee's tortious acts committed in the scope of employment. 28 U.S.C. § 2679." *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998). A plaintiff must first exhaust all administrative remedies before bringing an FTCA claim in federal court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Price v. United States*, 81 F.3d 520, 521 (5th Cir. 1996). A tort claim filed pursuant to the FTCA cannot be entertained in federal court unless it is "first presented . . . to the appropriate Federal agency" and the administrative claim has "been finally denied by the agency in writing," or unless six months have passed since the plaintiff made her administrative demand. 28 U.S.C. § 2675(a). An FTCA claim is "deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident[.]" *Flores v. United States*, 719 F. App'x 312, 319 (5th Cir. 2018) (quoting 28 C.F.R. § 14.2(a)). "FTCA claims failing to specify a sum certain are insufficient because they fail to comply with the Act's statutory requirements." *Id*. (citations omitted). Failure to follow the Act's procedure to exhaust administrative remedies deprives a district court of subject matter jurisdiction. *Reynolds v. United States*, 748 F.2d 291, 292-93 (5th Cir. 1984).

In *Williams*, the plaintiff's car was struck by a vehicle driven by a U.S. Postal Service employee. *Williams v. United States*, 693 F.2d 555, 556 (5th Cir. 1982). Williams first filed a state court action rather than an administrative claim with the Postal Service. *Id*. The state court complaint described the property damage to Williams's car, contained an itemized list of damages for the personal injuries Williams suffered due to the accident, and specified total

damages in the amount of $218,000. *Id*. After being informed of the proper procedure to file an FTCA claim, Williams voluntarily dismissed his state court suit and filed a Form 95 with the Postal Service. *Id*. Williams's Form 95 claim specified only $7,000 for property damage and contained no amount for personal injuries and no total amount. *Id*. Williams's attorney then sent a letter to the Postal Service, which detailed Williams's personal and property damages and "offered to settle all claims for $83,413." *Id*. After the Postal Service denied his claim, Williams filed suit in federal district court alleging negligence and seeking $187,000 for personal injuries and $8,000 for property damage. *Id*. The district court dismissed the complaint, holding that the Form 95 was not proper because it did not include a sum certain, "the state suit could not be used to satisfy the sum certain requirement," and the letter from Williams's attorney "was filed more than two years after the alleged tort." *Id*. at 556-557. The Fifth Circuit reversed, concluding that the combination of Williams's timely filed Form 95 and the information in the state court complaint satisfied the notice requirement in § 2675 of the Tort Claims Act. *Id*. at 558.

Young's complaint alleges an Air Force physician who disclosed Young's medical health diagnosis, personal health information, and in-patient treatment location without her consent in violation of 5 U.S.C. § 552. ECF No. 1 at 2. Young's complaint seeks actual damages in excess of $100,000 and punitive damages in excess of $100,000. *Id*. at 3-4. Young attaches to her complaint a letter from the Deputy Commander of Headquarters Air Education and Training Command. *Id*. at 5-6. Young contends this letter is sufficient to demonstrate the Air Force had notice of her complaint. Notably, the letter finds that Young's allegations against the physician named in her complaint were substantiated, that appropriate action was taken against the doctor, and the Deputy Commander considered the matter closed. *Id*. at 5.

In absence of the claim Young contends she submitted to the Air Force; the Court looks to the Deputy Commander's letter to determine whether the Air Force received proper notice of an FTCA claim. The letter does not appear to be the denial of an FTCA claim for several reasons. First, the letter states that it serves as notification of the disposition of the "commander directed investigation (CDI)" into "allegations concerning leadership misconduct." *Id*. Second, the letter does not address any monetary demand made by Young. Third, the closing language states:

> If you are not satisfied with the final determination concerning your allegations, you may request further review by me, in writing, by no later than 18 August 2019. Your request must provide new or additional information that was not otherwise available during the CDI; simply disagreeing with this determination will not be sufficient for further review.

*Id*. at 6. The final denial of an FTCA claim "shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than six months after the date of mailing of the notification." *Martinez*, 728 F.2d at 698 (quoting 28 C.F.R. § 14.9(a)). Consequently, the letter does not indicate the Air Force received proper notice of an FTCA claim by Young. Young's response includes two additional documents, a "Memo for Record" and a letter in response to an "IG complaint" "regarding headquarters policy on timely access to mental health services for patients requiring care following sexual assault." ECF No. 19 at 6-8. Neither of these documents indicate a response to an FTCA claim. Even applying the Fifth Circuit's "pragmatic view toward the form or manner of filing of administrative claims when deciding upon the fulfillment of § 2675 of the Tort Claims Act," the documents Young presented to the court paired with her complaint do not demonstrate compliance with the Act's administrative requirements.[2] *Williams*, 693 F.2d at 557. Accordingly,

---

[2] At least one Fifth Circuit case found "the presentation of an administrative claim 'in excess of $100,000' is a reasonable compliance with the 'sum certain' requirement," *Martinez*, 728 F.2d at 697 (stating that "in this circuit

Young has failed to demonstrate the Court's jurisdiction because she has not shown that she complied with the FTCA's administrative requirements.

The Government assuaged any statute of limitations concerns when, at the hearing, Counsel pointed to § 2679, which provides:

> (5) Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title [28 USCS § 2675(a)], such a claim shall be deemed to be timely presented under section 2401(b) of this title [28 USCS § 2401(b)] if—
>
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679. As for Young's concern that dismissal of this case will likely necessitate a second filing fee, District Courts do not bar commencement of any suit on poverty alone. Any individual who believes she cannot afford to pay the filing fee, may apply to proceed without prepayment of fees by following the procedure set forth in 28 U.S.C. § 1915.

Accordingly, for the reasons stated above, Defendant United States of America's Motion to Dismiss (ECF No. 15) is GRANTED. This action is DISMISSED WITHOUT PREJUDICE.

It is so ORDERED.

SIGNED this 13th day of April 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

---

substantial compliance with the requirement has been liberally construed" and citing as examples cases, "where the government had actually been apprised of the amount sought by a prior state court suit," *Williams,* 693 F.2d at 558, "where the attorney's letter included an invoice and inventory of items for which recovery was sought," *Crow v. United States*, 631 F.2d 28, 30 (5th Cir.1980), "or where the attorney's initial letter to the agency included medical bills and repair estimates (including some for expenses unrelated to and in excess of the claim)," *Molinar v. United States*, 515 F.2d 246, 247, 249 (5th Cir.1975)).
.